UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOAN OKOJIE,

Plaintiff(s),

v.

SILVERTON CASINO, LLC,

Defendant(s).

Case No. 2:16-CV-439 JCM (NJK)

ORDER

Presently before the court is defendant Silverton Casino, LLC's motion to dismiss. (ECF No. 17). No response has been filed and the time to do so has since passed.

On September 16, 2016, defendant filed the instant motion to dismiss. (ECF No. 17). Responses were due by October 3, 2016. On October 11, 2016, defendant filed a reply in support of its motion to dismiss, arguing that plaintiff has consented to the granting of its motion by failing to file points and authorities in response. (ECF No. 20).

Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d).

On November 8, 2016, plaintiff untimely filed a motion to extend time to respond to defendant's motion to dismiss. (ECF No. 22). Plaintiff's motion is in violation of several local rules, including Local Rules IA 6-1, IA 10-1(a)(1), and IA 10-2. In the motion, plaintiff requests that the court "extend the time to respond to the motion to dismiss until after she has attempted to reopen the bankruptcy case to determine the trustee's interest in pursuing this case and until fact discovery has occurred on the issue of [p]laintiff's inadvertence in not listing this claim on her

**James C. Mahan**
**U.S. District Judge**

bankruptcy assert schedules." (ECF No. 22 at 3). Further, plaintiff contends that "[d]efendant should be required to file an answer in the meantime." (ECF No. 22 at 1).

On that same date, plaintiff's counsel Kristina Holman filed a declaration in support of the motion to extend time. (ECF No. 23). Ms. Holman asserts that unforeseen circumstances concerning her husband's medical condition prevented her full attention to the instant matter. (ECF No. 23 at 2). Ms. Holman further asserts that on October 11, 2016, her co-counsel Tilden Reid sent her an email requesting she file the motion to extend time, but because she was attending to her husband at the hospital, she did not have the opportunity to review the email and assumed that Mr. Reid had filed the motion that day. (ECF No. 23 at 2).

While the court sympathizes with Ms. Holman's family emergency, no explanation is offered as to Mr. Reid, who is lead counsel. Moreover, no explanation is provided regarding the time period defendant filed the motion to dismiss (September 16, 2016) through the time plaintiff filed the motion to extend time (November 8, 2016).

Further, on August 9, 2016, notice of intent to dismiss pursuant to Federal Rule of Civil Procedure 4(m) was entered, stating that to date no proof of service has been filed and setting the dismissal deadline for September 8, 2016, regarding the complaint filed on March 1, 2016. (ECF No. 11). On September 8, 2016, proof of service was filed, as well as a response to the Rule 4(m) notice requesting that the court allow service of the summons outside the time provided under Rule 4(m)—which the court allowed. (ECF Nos. 14, 15).

Local Rule IA 10-1(d) provides that "[t]he court may strike any document that does not conform to an applicable provision of these rules or any Federal Rule of Civil or Criminal Procedure." LR IA 10-1(d); *see also* LR IC 7-1 ("The court may strike documents that do not comply with these rules.").

In light of the foregoing, the court will strike plaintiff's noncompliant motion to extend time and grant defendant's unopposed motion to dismiss. Plaintiff's complaint will be dismissed without prejudice.

. . .

. . .

James C. Mahan
U.S. District Judge

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to extend time (ECF No. 22) be, and the same hereby is, STRICKEN FROM THE RECORD.

IT IS FURTHER ORDERED that defendant's motion to dismiss (ECF No. 17) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's complaint (ECF No. 1) be, and the same hereby is, DISMISSED WITHOUT PREJUDICE.

DATED November 15, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -